**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENYA KEITA HALL,<br>Plaintiff,<br>v.<br>MCCOY, *et al.*,<br>Defendants. | Case No. 2:25-cv-00005-APG-NJK<br><br>ORDER GRANTING<br>**STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE** |

Plaintiff, Kenya Hall, (Hall) *pro se;* and Defendants, Russ Alfano, James Dzurenda, Gladys Calipusan, Jose Martinez, Kimberly McCoy, and Ronald Oliver, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, collectively (Parties) hereby respectfully submit the following Stipulation to extend dispositive deadlines.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PROCEDURAL HISTORY**

This is an offender civil rights matter filed pursuant to 42 U.S.C. § 1983. Plaintiff Hall was an offender in the custody of the Nevada Department of Corrections (NDOC) but has since been released.

///

///

Parties held a meet and confer on August 9, 2026, and agreed to a thirty-day extension of the dipositive motion deadline to allow parties additional time to finalize dispositive motions.

## II. LEGAL STANDARD

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court . . . must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court . . . are effective until approved by the court. LR 7-1(b).

## III. ARGUMENT

Parties have agreed to a thirty (30) day extension of the dispositive motion deadline. Parties contend good cause exists as parties believe this additional time will help finalize dispositive motions and work through the case. Hall also has several multiple claims proceeding against the NDOC and counsel has several dispositive motions due within a short timeframe. This short extension will allow parties to finalize dispositive motions.

///

///

**IV.** DEADLINE

- Current Dispositive Motion Deadline: August 13, 2026.
- Proposed Dispositive Motion Deadline: September 14, 2026[1]

DATED this 11th day of August, 2026. DATED this 11th day of August, 2026.

By: /s/ Kenya Hall[2]
KENYA HALL
*Plaintiff, Pro Se*

By: /s/ John Regalia
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATE: August 13, 2026

[1] 30 days falls on a Saturday making the corresponding deadline the following Monday September 14, 2026.

[2] Plaintiff Hall reviewed the stipulation and gave approval to affix his digital signature on August 11, 2026.