AARON D. FORD
Attorney General
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3106 (phone)
(702) 486-3768 (fax)
Email: jregalia@ag.nv.gov

*Attorneys for Defendants*
*Russ Alfano, James Dzurenda,*
*Gladys Calipusan, Jose Martinez,*
*Kimberly McCoy, and Ronald Oliver*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENYA KEITA HALL,

Plaintiff,

v.

MCCOY, *et al.*,

Defendants.

Case No. 2:25-cv-00005-APG-NJK

**STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE (SECOND REQUEST)**

Plaintiff, Kenya Hall, (Hall) *pro se;* and Defendants, Russ Alfano, James Dzurenda, Gladys Calipusan, Jose Martinez, Kimberly McCoy, and Ronald Oliver, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, collectively (Parties), hereby respectfully submit the following Stipulation to extend dispositive deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

This is an offender civil rights matter filed pursuant to 42 U.S.C. § 1983. Plaintiff Hall was an offender in the custody of the Nevada Department of Corrections (NDOC) but has since been released.

///

///

Parties held a meet and confer on September 9, 2026, and agreed to a twenty-one day extension of the dipositive motion deadline to allow parties additional time to finalize dispositive motions.

## II. LEGAL STANDARD

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Stipulations relating to proceedings before the court . . . must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court . . . are effective until approved by the court. LR 7-1(b).

## III. ARGUMENT

Parties have agreed to a twenty-one (21) day extension of the dispositive motion deadline. Parties contend good cause exists as parties believe this additional time will help finalize dispositive motions and work through the case, as well as discuss a potential settlement in the matter. Hall also has several multiple claims proceeding against the NDOC, and counsel has several dispositive motions due within a short timeframe. This short extension will allow parties to finalize dispositive motions.

///

## IV. PROPOSED DEADLINE

- Current Dispositive Motion Deadline: September 14, 2026.
- Proposed Dispositive Motion Deadline: October 5, 2026.

DATED this 9th day of September, 2026.

By: /s/ Kenya Hall[1]
KENYA HALL
*Plaintiff, Pro Se*

DATED this 9th day of September, 2026.

By: /s/ John Regalia
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATE: September 15, 2026

[1] Plaintiff is out of custody and has reviewed the stipulation via email and gave his permission to affix his digital signature.